**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 06-4137

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERMAINE TAYLOR,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge.  (3:05-cr-00191-REP)

─────────────

Submitted:  February 5, 2007       Decided:  February 16, 2007

─────────────

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Craig W. Sampson, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Michael C. Wallace, Sr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Taylor was indicted on two charges of possession of a controlled substance with intent to distribute. He was tried and convicted of both offenses in a single jury trial. Although Taylor concedes that the two offenses were properly joined in the indictment, he argues that the district court erred in denying his motion to sever them for trial. Finding no abuse of discretion, we affirm.

I.

The Government charged Taylor with two violations of 21 U.S.C. § 841 (2000): first, that on or about June 28, 2004, he possessed cocaine hydrochloride with the intent to distribute, and second, that on or about August 20, 2004, he possessed cocaine base with the intent to distribute.

On both occasions, Taylor was apprehended while driving a vehicle registered to someone else. On June 28, Taylor had a small quantity of cocaine in his pocket; officers discovered a larger amount of cocaine during an inventory search of the vehicle he was driving. Taylor volunteered to the arresting officer that he was a cocaine user. On August 20, officers found cocaine base in the glove box of the vehicle Taylor drove. On that occasion, Taylor denied that the cocaine was his, but said he would "take the weight" so that the passenger in the vehicle with him would not be charged.

2

The two offenses were joined for trial under Federal Rule of Criminal Procedure 8(a). Before his trial commenced, Taylor moved to sever Count One from Count Two, pursuant to Federal Rule of Criminal Procedure 14(a), arguing that he would be prejudiced if tried for both offenses at the same trial.* The district court denied Taylor's motion, relying, in part, upon a finding that evidence of each charged offense would be admissible in a trial on the other under Federal Rule of Evidence 404(b). Therefore, the district court reasoned, Taylor would not be additionally prejudiced by having the two offenses jointly tried.

A jury tried and convicted him of both crimes. The court sentenced him to 162 months on each count, to be served concurrently. Taylor timely appealed, arguing that the district court's refusal to sever the offenses for trial resulted in prejudice to Taylor.

## II.

Under Rule 8(a), two offenses may properly be joined in an indictment "if the offenses charged -- whether felonies or misdemeanors or both -- are of the same or similar character . . . ." Fed. R. Crim. P. 8(a). Once joined, however, offenses may be severed for trial if joinder "appears to prejudice a defendant or

---

*Taylor did not then, nor does he now, argue that the offenses were improperly joined in the same indictment. See Fed. R. Crim. P. 8(a).

the government."  Fed. R. Crim. P. 14(a).  A ruling on a motion to sever is "committed to the discretion of the district court." United States v. Foutz, 540 F.2d 733, 736 (4th Cir. 1976).

"A defendant making a motion for severance pursuant to Rule 14 has the burden of demonstrating a strong showing of prejudice." United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984).  In considering a severance motion, the trial court balances any possible prejudice to the accused "against the interests of the efficient administration of justice."  United States v. Cole, 857 F.2d 971, 974 (4th Cir. 1988).  In particular, when offenses are joined based upon their "same or similar character," the trial court should consider three possible sources of prejudice:

> (1) the jury may confuse and cumulate the evidence, and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated; (2) the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or (3) the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition.

Foutz, 540 F.2d at 736.  The fact that joinder may make for a more difficult defense or that a separate trial might increase the defendant's chance of acquittal are not sufficient grounds for severance.  Goldman, 750 F.2d at 1225.  At the same time, if "evidence of the joined crimes 'would be mutually admissible for legitimate purposes in separate trials for each offense,'" the possibility of prejudice to the defendant from a joint trial "is

4

greatly diminished."  Cole, 857 F.2d at 974 (quoting United States v. Jamar, 561 F.2d 1103, 1106 (4th Cir. 1977)).

On appeal, we review a district court's denial of a motion to sever for abuse of discretion.  United States v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003).  An abuse of discretion will only be found upon a showing of "clear abuse affecting substantial rights of the accused."  Jamar, 561 F.2d at 1106.  We have previously noted that it "will be rare" that offenses properly joined under Rule 8(a) will nevertheless require severance under Rule 14(a). United States v. Cardwell, 433 F.3d 378, 387 (4th Cir. 2005).  This is not one of those "rare" cases.

In the present case, the district court properly determined that evidence of each charged drug offense would have been admissible in a trial on the other under Federal Rule of Evidence 404(b).  The similarity of the conduct alleged -- Taylor's alleged modus operandi -- and the closeness in time of the two offenses would tend to show Taylor's knowledge and intent, as well as an absence of mistake or accident; both are permissible purposes for admission of evidence under Rule 404(b).  See, e.g., United States v. Tanner, 61 F.3d 231, 237 (4th Cir. 1995) (holding prior acts of illegal drug distribution admissible to show modus operandi, knowledge, and absence of mistake).  Additionally, when the joined offenses allege similar criminal conduct undertaken during a short time frame, as here, this supports a court's decision not to sever

properly joined offenses.  See United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995) ("In cases where the offenses are identical, or strikingly similar in the method of operation and occur over a short period of time, it is not an abuse of discretion to deny severance.").

Furthermore, even were we to believe that some prejudice may have accrued to Taylor from a joint trial on these offenses, the district court specifically instructed the jury, at the close of all of the evidence, that: "[e]ach alleged offense and any evidence that relates to that offense should be considered separately by you.  And the fact that you find the defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against him."  This instruction provides further evidence that any potential prejudice from a joint trial on the two offenses did not materialize into actuality.  See Cardwell, 433 F.3d at 388.

To succeed on appeal, Taylor must show that the court's refusal to sever was a "clear abuse affecting [his] substantial rights."  Jamar, 561 F.2d at 1106.  In light of the district court's thorough consideration of the possible sources of prejudice to Taylor from a joint trial, and the limiting instruction given, we find no such abuse of discretion.

## III.

For the foregoing reasons, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid in the decisional process.

<u>AFFIRMED</u>